948 F.2d 1282
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
NATIONAL RAILROAD PASSENGER CORPORATION, a District of
Columbia Corporation, Plaintiff-Appellant,
v.
CATLETT VOLUNTEER FIRE COMPANY, INCORPORATED; Kevin A.
Bell, Curator of the Estate of Mark Jay Miller,
Deceased, Defendants-Appellees,
v.
SOUTHERN RAILWAY COMPANY, Third Party Defendant-Appellee.
 No. 90-2409.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 13, 1991.
Decided Oct. 29, 1991.
As Amended Nov. 4, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, District Judge. (CA-89-1473-A)
 Stephen Earl Baril, Samuel Walter Hixon, III, Williams, Mullen, Christian & Dobbins, Richmond, Va., for appellant.
 Julia B. Judkins, Richard H. Lewis, Lewis, Trichilo & Bancroft, P.C., Fairfax, Va., Kevin L. Locklin, Slenker, Brandt, Jennings & Johnston, Fairfax, Va., Grady C. Frank, Hazel, Thomas, Fiscke, Weiner, Beckhorn, & Haynes, P.C., Alexandria, Va., for appellees.
 E.D.Va.
 AFFIRMED.
 Before DONALD RUSSELL, K.K. HALL and NIEMEYER, Circuit Judges.
 OPINION
 DONALD RUSSELL, Circuit Judge:
 
 
 1
 National Rail Passenger Corporation (Amtrak) appeals from the district court's grant of summary judgment in favor of the Catlett Volunteer Fire Company (Catlett) and Kevin A. Bell, Curator of the Estate of Mark Jay Miller, deceased (Miller). In its complaint, Amtrak sought $910,000 for property damage allegedly sustained in the collision between an Amtrak passenger train and a fire truck operated by Miller. We certified two dispositive questions of state law to the Supreme Court of Virginia, which issued an opinion on April 19, 1991 241 Va. 402, 404 S.E.2d 216.
 
 
 2
 On September 28, 1989, Catlett firemen responded to the scene of a car fire on private property adjacent to Route 28 in Fauquier County, Virginia. Miller, the volunteer fireman who was driving the lead fire truck, discovered through radio communications that he had driven past the driveway leading into the property where the car fire was burning. He then turned around and proceeded back on the same highway towards the driveway entrance. Again, Miller overshot the driveway. He stopped the fire truck just beyond the driveway entrance to his right and backed up in order to make a right turn. He then made a wide right turn into the driveway. The driveway is unpaved and crosses over the railroad tracks. After Miller turned onto the driveway, he drove slowly up the drive's incline towards the train tracks and proceeded to cross. The truck's emergency lights and headlights were operating at all times during the response to this call. As the fire truck was crossing the railroad tracks, it was hit by a southbound Amtrak train. Miller and another volunteer fireman were killed.
 
 
 3
 Prior to the accident, Catlett required its member drivers, including Miller, to undergo extensive in-house training as to the safe operation of the fire company's vehicles. Clyde M. Lomax, Catlett's chief, instructed the volunteer firemen of the company to obey all traffic laws without exception when responding to a call. Lomax specifically recalled instructing his drivers, including Miller, to stop and look both ways before crossing any railroad tracks.
 
 
 4
 Catlett is a non-profit corporation that exists independently of Fauquier County (the County). Catlett's members are volunteers, whom neither Catlett nor the County compensates for fire fighting. Catlett owns its station house and the vehicles that it uses. The County does not control or supervise the daily operations of Catlett, and the County is not involved in the selection of Catlett's members, officers or drivers. The County provides no direct funding to Catlett. The only cash disbursement that Catlett receives from the County is a one-thirteenth share of a lump sum grant that the County makes available to the Fauquier County Fire and Rescue Association (the Association), an unincorporated association that is comprised of appointed members from the thirteen volunteer fire and rescue companies that operate within the County. The County neither directs the Association as to how this grant should be distributed nor requires the Association to account for how the grant is disbursed. The remaining expenditures that the County makes on behalf of the Association are for the payment of bills that the Association submits to the County.
 
 
 5
 In its complaint, Amtrak alleged that Miller carelessly and negligently drove the fire truck into the train's path. Amtrak sought damages from Catlett and Miller, jointly and severally, together with its costs and interest. Catlett and Miller responded that they were immune from suit under the doctrine of sovereign immunity.
 
 
 6
 The district court, by order dated March 30, 1990, granted summary judgment to Catlett on the ground that Catlett was exempt from suit under Va.Code Ann. § 27-23.6 (Michie 1985) (amended 1991). By order dated May 10, 1990, the district court granted summary judgment in part as to Miller, ruling that, under Virginia case law, Miller would be liable only if his actions were found to constitute gross negligence. Following appeal to this Court, Amtrak moved for certification. Catlett and Miller joined in the motion. By order dated November 19, 1990, we granted the motion and certified the following questions of law to the Virginia Supreme Court:
 
 
 7
 a. Whether Catlett is immune from suit pursuant to Va.Code Ann. § 27-23.6?
 
 
 8
 b. Whether Miller has qualified immunity and can only be liable if his actions are found to constitute gross negligence?
 
 
 9
 The Supreme Court answered both questions in the affirmative. Resolution of the first issue turned on the construction of section 27-23.6, which provides in pertinent part:
 
 
 10
 Any county may contract with any volunteer fire-fighting companies or associations in the county or towns therein for the fighting of fire in any county so contracting.... If any contract be entered into by a county the fire-fighting company shall be deemed to be an instrumentality of the contracting county and as such exempt from suit for damages done incident to fighting fires therein.
 
 
 11
 The court first determined that an implied contract to perform fire fighting services existed between Catlett and the County. The court then found that the operation of a fire truck en route to the scene of a fire is incident to fighting the fire. Catlett accordingly was found to be exempt from suit for damages.
 
 
 12
 With respect to Miller's liability, the Virginia Supreme Court held that the statutory exemption of section 27-23.6 is the equivalent of sovereign immunity with respect to damages resulting from fighting fires. As a member of Catlett, and as the officer-in-charge on the evening of the accident, Miller was entitled to the defense of sovereign immunity under the rule announced in Colby v. Boyden, 241 Va. 125, 400 S.E.2d 184 (1980). Therefore, the Virginia Supreme Court decided that Miller could be held liable only if he was grossly negligent in crossing the railroad tracks.
 
 
 13
 Given the opinion of the Virginia Supreme Court, it is clear that under Virginia law Catlett is immune from suit and Miller's liability exists, if at all, only if there was gross negligence. The district court previously reached the same conclusion and announced that a jury trial on the issue of gross negligence should be held. However, Amtrak expressed its unwillingness either to amend its complaint to plead gross negligence or to try the case on the issue of gross negligence. Accordingly, a final summary judgment order was entered against Amtrak.
 
 
 14
 In light of the Virginia Supreme Court's decision and Amtrak's stated position, we affirm the district court's decision granting summary judgment to Catlett and Miller. As the dispositive issues recently have been decided authoritatively, we dispense with oral argument.
 
 
 15
 AFFIRMED.